### FULLER & JOHNSON MANUF'G CO. et al. v. STEVENS et al.

#### (Circuit Court, N. D. New York. December 22, 1893.)

1. PATENTS—EXTENT OF CLAIM—PRIOR ART—TRANSPLANTERS.
   The fifth claim of the Bemis patent, No. 423,723, for improvements in transplanters, must be narrowly construed, in view of the prior art, as shown in the Bowman & Selby patent, No. 115,688, and the Vivion patent, No. 194,745, both for improvements in planters.

2. SAME.
   The third, fourth, and sixth claims of the Bemis patent, No. 423,724, and the fifth claim of the Starks & Felland patent, No. 486,200, both for transplanters, if valid at all, must be strictly limited, and are not infringed by defendants.

3. SAME.
   Claims 1, 2, 3, 4, 5, 6, 7. and 8 of the Starks & Felland patent were not anticipated, and are valid as to the precise combinations shown.

In Equity. Suit by the Fuller & Johnson Manufacturing Company and Frank A. Bemis against Abram W. Stevens and Leroy W. Stevens for infringement of patents. Decree for complainants.

C. H. Duell, for complainants.
J. H. Whitaker, for defendants.

COXE, District Judge. This is an equity action for the infringement of three letters patent, Nos. 423,723 and 423,724, granted March 18, 1890, to Frank A. Bemis, and No. 486,200, granted November 15, 1892, to Starks & Felland, for improvements in transplanters. The claims involved are the fifth claim of No. 423,723, the third,

fourth, and sixth claims of 423,724, and the first eight claims of 486,200. The patents relate to improvements in machines for transplanting tobacco and other plants, by means of which the operators, seated on the machines, place the plants in the furrows made by the plow; the roots are then watered, the furrows filled up and the earth pressed about the roots. The only manual labor required is placing the plants in the furrow. The rest is automatic. The machines are useful and popular. About 2,000 machines embodying the Starks & Felland improvements have been sold. The validity of the first four claims of the Starks & Felland patent is not disputed, and their infringement is admitted. As to the other claims the defenses are that they are void for lack of patentability and are not infringed.

The contention regarding the fifth claim of 423,723 is that broadly construed it is anticipated, and narrowly construed it is not infringed. The claim is for the following combination in a transplanting machine: A frame. Rearwardly extending pivoted parallel supporting bars. A plow secured between said bars. Angle irons and a compressor plate secured to said angle irons and extending horizontally from the plow. The advantages which the patentee points out for this combination are mainly due to the compressor plate. This is secured to the land side of the plow, and leaves a smooth perpendicular wall of earth, which stands firmly while the plants are being placed in position. Two patents are cited against this claim. They are No. 115,688, granted to Bowman & Selby, and No. 194,745, granted to Vivion, for improvements in planters. The principal criticism urged against these patents is that they are for planters and not for transplanters. It is thought that this difference is not material. The law does not permit a party to obtain a patent for an old corn planter because he uses it for transplanting tobacco plants. And yet this could be done if complainants' contention is carried to its logical conclusion. The patents referred to do not anticipate the claim in question, but they require a narrow construction. In view, therefore, of the prior art, and of the limitations found in the description and in the claim itself, it is thought that it is not infringed. I am unable to find that this question is discussed by the experts, but from such light as can be obtained from the record, and the obscure drawings of the patent, I fail to find in the infringing machine the precise elements of the claim. The defendants' plow is not secured between two parallel support bars, and it is not provided with a mold board and compressor plate operating in the manner and performing the functions attributed to these parts in the Bemis patent. In other words, if the defendants' machine were found in the prior art, it would not anticipate this claim. As many reasons could be urged against it as an anticipation as are urged against the Bowman structure.

The defendants urge substantially the same arguments against claims 3, 4 and 6 of No. 423,724, and present the same references. Concededly these claims relate to minor matters of construction. Although, to my mind, it is doubtful whether they disclose invention, they may be sustained if, confined strictly to the mechanism described and shown, but so construed they are not infringed. I am

not at all sure that the lifting mechanism shown in the fifth claim of No. 486,200, by means of which the beam and furrow opener are raised and lowered, discloses patentable novelty. But confining the claim strictly to the parts described, I am inclined to think that it can be upheld. The apparatus is most conveniently located with reference to the seats of the operators, and is admirably designed for prompt manipulation by them. As to the remaining claims, they are not anticipated, and the combinations covered thereby perform some functions which are not shown by any of the references introduced by the defendants. It is not necessary to broaden these claims as the defendants concededly use the precise combinations shown. When limited to these elements the claims are valid and are infringed.

The complainants are entitled to a decree for an injunction and an accounting upon the first eight claims of the Starks & Felland patent, but without costs.